UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAJUAN Q. BURLEY,<br>Plaintiff,<br>v.<br>TROY HERSHBURGER, et al.,<br>Defendants. | CAUSE NO. 1:25-CV-292-TLS-JEM |

OPINION AND ORDER

Jajuan Q. Burley, a prisoner without a lawyer, filed a vague and confusing complaint with unrelated claims that is full of legal jargon but short on facts. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Burley indicates he is suing seven defendants, but he lists only four defendants in the section of the court's pro se prisoner complaint form where he is to provide the defendants' names and job titles. ECF 1 at 1. He indicates he is suing about events that occurred on June 4, 2025, but he signed his complaint three days earlier, on June 1, 2025. *Id.* at 1, 4. He makes no further mention of events occurring on June 4, 2025. Instead, he challenges the lawfulness of his arrest on September 22, 2023, an arrest that led to Burley being charged with attempted murder, dealing methamphetamines and cocaine, disarming a law enforcement officer, battery, criminal

recklessness, and resisting arrest. *State of Indiana v. Burley*, Cause No. 02D05-2309-F1-000031 (filed Sept. 28, 2023).

According to Burley's complaint, on September 22, 2023, Officer Kurt Franceus lied in some unspecified way to establish probable cause to arrest Burley. Burley claims he was just trying to take his kids to school and attend to his elderly mother when he was shot by Officer Scott Strueb. At some point during the encounter, he was also sprayed with pepper spray, placed under arrest, and taken to the Allen County Jail. Burley has intense pain due to injuries that occurred during his arrest.

These allegations are too vague to state a claim against either Officer Franceus or Officer Strueb. However, even if more facts had been provided, Burley faces another obstacle: the charges stemming from his arrest remain pending. Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Whether Officer Franceus lied, whether there was probable cause to arrest Burley, and factual details surrounding Officer Strueb's use of force are "issues that may be litigated during the course of [the] criminal case." *Id.* Deciding them in this federal civil rights case "could undermine the state court proceeding[.]" *Id.* Furthermore, permitting him to proceed in "parallel civil litigation" here would run counter to "core principles of federalism, comity, consistency, and judicial economy." *McDonough v. Smith*, 588 U.S. 109, 120 (2019). The Supreme Court has directed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v.*

*Kato*, 549 U.S. 384, 393–94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id*. at 394.

Burley's allegations are not limited to those against the officers who were involved in his arrest. He also alleges that, while at the Allen County Jail, he was repeatedly denied care for both his physical and mental health needs. As a result, he experienced septic shock, permanent PTSD trauma, numbness, and partial paralysis. Quality Correctional Care ("QCC") staff have allegedly refused him care, including mobility aids, physical therapy, and medications. Burley is suing both QCC and Sheriff Troy Hershberger for having policies, customs, or practices that allegedly resulted in him receiving constitutionally inadequate care. Burley has not included factual allegations in his complaint sufficient to permit a plausible inference that his care fell below constitutional requirements. Furthermore, he has not alleged that any specific policy, custom, or practice led to a specific violation of his rights. Without more details about his medical condition(s), his requests for care, the responses he received to those requests, and the policies that led to those responses, the court cannot find that Burley has plausibly alleged a violation of his constitutional rights by either QCC or Sheriff Hershberger.

While not listed in the section of the Pro Se Prisoner Complaint form for defendants' names and job titles, Burley also appears to be suing a major whose name has not been provided and the Chief of Police. Here he complains about a "code of silence" that allegedly led to violation of his rights during his criminal prosecution. ECF 1 at 5–6. He does not include any factual allegations against the major or the Chief of Police. Instead, he includes legal jargon and unsupported conclusory statements. More is required to state a claim, but like his allegations

against Officer Staub and Officer Franceus, these claims would not be adjudicated here until his pending criminal matter has been resolved.

The amended complaint is short on facts, dates, and specifics about the medical treatment he has received. Based on what it does say, it is not plausible to infer that he has stated a claim against any defendant named in this action. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Finally, Burley's allegations related to his arrest and prosecution are not related to his allegations regarding inadequate medical care while housed at the Allen County Jail. Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is this court's practice to notify the

plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case—as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009). Burley will be allowed to file an amended complaint, but he must pick one claim or group of related claims to proceed in this case. He cannot combine claims he may have regarding his arrest or prosecution with claims regarding the medical care he received at the Allen County Jail. If he does include unrelated claims in his amended complaint, the court will pick a claim or group of related claims to proceed under this cause number and will dismiss the remaining claims.

Thus, if Burley believes he can state a claim based on (and consistent with) one claim or group of related claims described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." He needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured. He should provide as much detail as possible about the concrete facts without focusing on possible legal theories. When he has completed the form, he should send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jajuan Q. Burley until **October 30, 2026**, to file a signed amended complaint using this court's pro se prisoner complaint form and containing only related claims, as described more fully above; and

(2) CAUTIONS Jajuan Q. Burley that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 5, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT